UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANTOS RAMOX CALIX,

*Petitioner*,

v. Case No. 3:26-cv-2232-JEP-PDB

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

*Respondents*.
____________________________________/

**ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to release him or alternatively, provide him with a bond hearing. (*See* Doc. 1 at 14). He asserts that his continued detention is unlawful, and that he is entitled to an individualized bond hearing. (*See id.* at 5-8).

On September 2, 2026, the Federal Respondent filed a response acknowledging that the Eleventh Circuit Court of Appeals' decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026), controls this case, and conceding that Petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a). (Doc. 3). Based on the Federal Respondent's

understanding that the petition asserts a claim under § 1226(a), this Court construes the petition to assert a claim under that statute. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act. Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[1] or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 5) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*,

[1] Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The **Clerk** shall enter judgment granting the petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 13, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
pro se Petitioner
Counsel of Record